Benjamin Rudin (State Bar No. 292341)
**BEN RUDIN, ATTORNEY & COUNSELOR AT LAW**
3830 Valley Centre Dr.
Ste. 705, PMB 231
San Diego, CA 92130
Telephone: (858) 256-4429
Email: ben@benrudin.law

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| KEVIN PORTER,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICERS P. CAMACHO, C NASH, G. MARQUEZ, LIEUTENANT F. NAVARRO, in their individual capacities.<br><br>Defendant. | Case No.: [Case No.]<br><br>**COMPLAINT** |

Plaintiff Kevin Porter ("Plaintiff"), for damages against Defendants Lt. F. Navarro ("Lt. Navarro"), Correctional Officers P. Camacho ("c/o Camacho"), C. Nash ("c/o Nash"), and G. Marquez ("c/o Marquez") (collectively "Defendants"), alleges as follows:

**PARTIES**

1. Plaintiff is a citizen of the State of California. At all times mentioned herein, he was an inmate at California State Prison – Sacramento ("CSP-SAC") within the California Department of Corrections and Rehabilitation ("CDCR").

2. Defendants are employees of CSP-SAC within CDCR. At all times mentioned herein, they acted under color of law through their employment.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4) because this suit is primarily brought under 42 U.S.C. § 1983. Jurisdiction is also conferred by 28 U.S.C. § 1331 because the cause of action arises under the Constitution and laws of the United States. Jurisdiction for the remaining matters is conferred by 28 U.S.C. § 1367.

4. Venue is proper in the United States District Court, Eastern District of California under 28 U.S.C. § 1931 because a substantial part of the events and omissions giving rise to this claim occurred there.

## FACTS

5. Plaintiff was an inmate at CSP-SAC in April 2021.

6. Before April 8, 2021, Plaintiff assisted his cellmate with a sexual misconduct complaint against c/o Camacho.

7. On April 8, 2021, at around 1:00 p.m., Plaintiff was searched through a pat-down, and no suspicion arose.

8. Around 2:00 p.m., a strip-search of Plaintiff was about to begin in retaliation to Plaintiff assisting his cellmate with the complaint.

9. Plaintiff requested no female officers to be present.

10. Lt. Navarro said he did not care about Plaintiff's request and did not accommodate him.

11. Female officers were watching while Plaintiff was strip-searched, and it was in the hall for most of the time without a privacy curtain.

12. The privacy curtain was only used at the end and only blocked one side of the area, with three sides wide open.

12. C/o's Camacho and Nash are female.

13. C/o Camacho cut off Plaintiff's blue pants and sports shorts.

14. Besides cutting off Plaintiff’s pants and shorts, c/o Camacho rubbed her hand on Plaintiff’s left thigh, all the way up to his waist.

15. C/o Nash watched this incident despite Plaintiff's demand.

16. Lt. Navarro was in the position to order c/o's Camacho and Nash to leave and recruit male officers in their place, but did not.

17. Lt. Navarro, c/o Nash, and c/o Marquez could have stopped c/o Camacho from rubbing her hand along Plaintiff but did not.

18. Officers slammed Plaintiff down while naked.

19. Since this incident, Plaintiff has been admitted into a mental health inpatient program.

20. Plaintiff's back was injured from the slamming, and it caused pain and extreme difficulty moving.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Plaintiff exhausted his requirements under the Prison Litigation Reform Act, Log # 113632, on November 6, 2021.

2. Plaintiff filed Government Claims Forms on these issues, and a rejection letter was sent on April 26, 2022, for claim number 21009408.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(Excessive Force under 42 U.S.C. § 1983)

3. Plaintiff re-alleges and re-incorporates paragraphs 5-20.

4. The Eighth Amendment's prohibition on cruel and unusual punishment, incorporated against the states by the Fourteenth Amendment's Due Process Clause, includes a right for inmates to be free from excessive force by prison staff. See *Hudson v. McMillan*, 503 U.S. 1, 6-7 (1992). The factors for determining whether the force was excessive include "(1) the extent of the injury suffered, (2) the need to use force, (3) the relationship between the need to use force and the amount of force used, (4) any threat reasonably perceived by the defendant, and (5) any efforts made to temper the severity of a forceful response, such as, if feasible, providing a prior warning or giving an order to comply." *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013).

5. C/o Camacho committed excessive force against Plaintiff when she cut off his clothing, rubbed her hand along Plaintiff's thigh sexually, and slammed Plaintiff to the ground naked.

6. Lt. Navarro, c/o Nash, and c/o Marquez committed excessive force against Plaintiff when they slammed Plaintiff to the ground naked.

7. As a direct and proximate result of Defendants' excessive force, Plaintiff's back was injured from the slamming, and it caused pain and extreme difficulty moving. Plaintiff has had to be in a mental health inpatient program.

SECOND CAUSE OF ACTION

(Battery/Wrongful Act and Omission under Cal. Govt. Code § 844.6[d])

8. Plaintiff re-alleges and re-incorporates paragraphs 5-20.

9. Battery by a law enforcement officer requires (1) the defendant intentionally touched the plaintiff, (2) the defendant used unreasonable force on the plaintiff, (3) the plaintiff did not consent to the use of that force, (4) the plaintiff was harmed, and (5) the defendant's use of unreasonable force was a substantial factor in causing the harm.

10. C/o Camacho committed battery against Plaintiff when she rubbed her hand along Plaintiff's thigh sexually and when she slammed Plaintiff to the ground naked.

11.. Lt. Navarro, c/o Nash, and c/o Marquez committed battery against Plaintiff when they slammed Plaintiff to the ground naked.

12. As a direct and proximate result of Defendants' battery, Plaintiff's back was injured from the slamming, and it caused pain and extreme difficulty moving. Plaintiff has had to be in a mental health inpatient program.

THIRD CAUSE OF ACTION

(Negligence/Wrongful Act or Omission Under Cal. Govt. Code 844[d])

13. Plaintiff re-alleges and re-incorporates paragraphs 5-20.

14. Plaintiff's status as an inmate in CDCR creates dependency, in which inmates detrimentally rely on prison staff for protection from other inmates. That creates a "special relationship" and establishes a duty of care for the prison staff to protect Plaintiff. *Giraldo v. California Dep't of Corr. Rehab.*, 168 Cal. App. 4th 231, 252-53, 85 Cal. Rptr. 3d 371, 387 (2008), *see also Regents of Univ. of Cal. v. Superior Court*, 230 Cal. Rptr. 3d 415, 425 (2018).

15. Lt. Navarro committed negligence when he did not order the female officers to leave while Plaintiff was strip-searched.

16. c/o's Nash and Marquez committed negligence when they could have stopped c/o Camacho from rubbing against Plaintiff's thigh and did not.

17. As a direct and proximate result of Defendants' negligence, Plaintiff has had to be in a mental health inpatient program.

FOURTH CAUSE OF ACTION

(Privacy under 42 U.S.C. § 1983)

18. Plaintiff re-alleges and re-incorporates paragraphs 5-20.

19. Inmates have a right to be free from being in the "view of strangers, particularly strangers of the opposite sex," when naked. *Michelfelder v. Sumner*, 860 F.2d 328, 333 (9th Cir. 1988).

20. C/o's Camacho and Nash violated this right when, as women, they viewed Plaintiff during a strip-search.

21. As a direct and proximate result of Defendants' invasion of privacy, Plaintiff had to be enrolled in a mental health inpatient program.

## FIFTH CAUSE OF ACTION

(Intrusion into Private Affairs Under Cal. Govt. Code 844[d], Penal Code § 2600, and Cal. Const. Art. I § 1))

22. Plaintiff re-alleges and re-incorporates paragraphs 5-20.

23. The elements of intrusion into private affairs are as follows: (1) the plaintiff had a reasonable expectation of privacy from female officers when he was strip-searched, (2) the defendant intentionally intruded in the strip-search, (3) the defendant's intrusion was highly offensive to a reasonable person, (4) the plaintiff was harmed, and (5) the defendant's conduct was a substantial factor in causing the plaintiff's harm. (*See* Judicial Council of California Civil Jury Instructions No. 1800). CDCR rules prohibit officers of the opposite sex from conducting unclothed body inspections of inmates except under emergency life-and-death situations. 15 CCR § 3287(b)(1).

24. Plaintiff had a reasonable expectation of privacy from female officers when he was strip-searched, as shown by CDCR rules prohibiting such searches by the opposite sex.

25. C/o's Camacho and Nash intentionally intruded in the strip-search, c/o Camacho by searching, and c/o Nash by watching.

26. C/o's Camacho's and Nash's intrusion is highly offensive to a reasonable person. *See Michenfelder*, supra, (violation of "elementary self-respect and personal dignity.").

27. Plaintiff was harmed, as shown by his need to enroll in a mental health inpatient program.

28. C/o's Camacho's and Nash's conduct was a substantial factor in causing Plaintiff's need to enroll in a mental health inpatient program.

<u>SIXTH CAUSE OF ACTION</u>

(Retaliation under 42 U.S.C. § 1983)

29. Plaintiff re-alleges and re-incorporates paragraphs 5-20.

30. The elements of retaliation are as follows: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment

rights, or “would chill or silence a person of ordinary firmness from future First Amendment activities,” and (5) the action did not unreasonably advance a legitimate correctional goal.” *Brodheim v. Cry*, 584 F.3d 1262, 1269-1271 (9th Cir. 2009).

31. C/o Camacho retaliated against Plaintiff when she strip-searched him because he helped another inmate with a grievance against her, and the pat-down raised no suspicions. Another part of the retaliation was when c/o Camacho slammed Plaintiff to the ground naked.

32. C/o Nash retaliated against Plaintiff for helping another inmate with a grievance when she observed the strip-search, did not leave or try to stop c/o Camacho from rubbing her hands along Plaintiff's thigh, and slammed Plaintiff to the ground.

33. Lt. Navarro retaliated against Plaintiff for helping another inmate with a grievance when he disregarded Plaintiff's request for only male officers to be present during the strip-search, did not try to stop c/o Camacho from rubbing her hands along Plaintiff's thigh, and slammed Plaintiff to the ground.

34. C/o Marquez retaliated against Plaintiff for helping another inmate with a grievance when he did not try to stop C/o Camacho from rubbing her hands along Plaintiff's thigh, and slammed Plaintiff to the ground.

35. A strip-search in the presence of officers of the opposite sex would chill or silence a person of ordinary firmness from future First Amendment activities.

36. Such a search in the presence of such officers advances no correctional goal.

37. As a direct and proximate result of Defendants' retaliation, Plaintiff's back was injured from the slamming, and it caused pain and extreme difficulty moving.  Plaintiff has had to be in a mental health inpatient program.

## SEVENTH CAUSE OF ACTION

(Violation of Civil Rights: Interference by Threat, Intimidation, or Coercion – Cal. Civ. Code § 52.1[c] and Cal.  Govt. Code § 844.6[d])

38. Plaintiff re-alleges and re-incorporates paragraphs 5-20.

39. California law allows, "Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States[…] has been interfered with, or attempted to be interfered with[…]" to "institute and prosecute in his […] name […] a civil action for damages." California Civil Code § 52.1(c).

40. Plaintiff helping another inmate with a grievance against an officer is an exercise of his freedom of speech and petition under the First Amendment of the United States Constitution.

41.C/o Camacho attempted to interfere with Plaintiff's rights when she strip-searched him because he helped another inmate with a grievance against her, and the

pat-down raised no suspicions.  Another part of the retaliation was when c/o Camacho slammed Plaintiff to the ground naked.

42. C/o Nash attempted to interfere with Plaintiff’s rights when she observed the strip-search, did not leave or try to stop c/o Camacho from rubbing her hands along Plaintiff's thigh, and slammed Plaintiff to the ground.

43. Lt. Navarro attempted to interfere with Plaintiff's rights when he disregarded Plaintiff's request for only male officers to be present during the strip-search.  He did not try to stop c/o Camacho from rubbing her hands along Plaintiff's thigh, and slammed Plaintiff to the ground.

44. C/o Marquez attempted to interfere with Plaintiff's rights when he did not try to stop C/o Camacho from rubbing her hands along Plaintiff's thigh, and slammed Plaintiff to the ground.

45. As a direct and proximate result of Defendants’ attempted interference, Plaintiff's back was injured from the slamming, and it caused pain and extreme difficulty moving. Plaintiff has had to be in a mental health inpatient program.

Plaintiff asks for judgment against Defendants for the following:

a. Compensatory damages against all defendants.

b. Punitive damages against all defendants.

c. Prejudgment and post-judgment interest.

d. Court costs and reasonable litigation expenses under 42 U.S.C. § 1988, California Civil Code § 52.1(i), and other relevant statutes.

e Any other relief that the Court deems appropriate in the exercise of its wisdom and judgment.

DATED: June 28, 2022

By: /s/ Benjamin Rudin

Benjamin Rudin

Attorney for Plaintiff

Kevin Porter